## SUPREME COURT.

### Pike agt. Van Wormer.

Where words used convey a clear and direct imputation of a slanderous character, they are actionable in themselves; and need no colloquium or other averment to aid them in support of the action. But such averments are necessary to sustain the action, where the words are ambiguous and uncertain in their meaning.

The Code has changed the common law rule of pleading in actions of slander in one particular; that is, although it may be uncertain to whom the words were intended to apply, it is no longer necessary to insert in the complaint any averments showing they were intended to apply to the plaintiff.

The charge that the plaintiff is "a dealer in counterfeit money," held, that the words are actionable in themselves.

A charge of "passing counterfeit money," and a charge of being a "bogus pedlar," are words not actionable in themselves; being uncertain in their import. (*See this case in* 5 *Howard*, 171.)

*Albany Special Term, March* 1851. Motion for judgment on the ground of the frivolousness of the defendant's demurrer to the complaint.

The action is for slanderous words. The complaint contains three separate causes of action, each alleging, substantially, the same words. The *first* states that in a conversation had with the plaintiff at *Princetown*, the defendant said to and concerning the plaintiff, " *You are a dealer in counterfeit money;*" " you have passed counterfeit money;" "you are a bogus pedlar;" "you passed counterfeit money to Gilbert Liddle," and several other persons, naming them." This cause of action then proceeds to allege that the words " bogus pedlar," are commonly used to denote a person who knowingly sells, passes or exchanges counterfeit money for a consideration, with intent to have the same uttered and passed; and that these words were used in that sense

by the defendant, and were so understood by those that heard them. The statement of this first cause of action then concludes as follows: " that by the defamatory statements and expressions, in this count set forth, the defendant meant and intended to insinuate and cause it to be understood and believed by the bystanders, who heard the same, that the plaintiff had been and was, guilty of the crime of forgery. The statement of the *second* and *third* causes of action is, in each case, substantially like the *first*. In the *second* cause of action, the same words are alleged to have been uttered at a different time and place. In the *third* cause of action the same words are alleged to have been spoken *of and concerning* the plaintiff.

J. C. WRIGHT, *for Plaintiff*.

J. G. McCHESNEY, *for Defendant*.

HARRIS, Justice.—This case has once before been before the court upon a demurrer to the complaint (see 5 *Howard*, 171). The decision then, so far as it involved any question now presented, must, for the purposes of this motion, be regarded as the law of the case. But it is not improper to say, that, though I might not feel inclined to concur in some of the views expressed by the very able judge who made that decision under the first general proposition discussed by him, I do entirely concur in the soundness of the principles upon which he put the decision of the question before him.

Where the words used convey a clear and direct imputation of a slanderous character, they are actionable in themselves. They need no colloquium or other averment to aid them in supporting the action. But where the words themselves are ambiguous, or where the subject matter to which they are intended to relate, or the person to whom they were intended to apply, is uncertain, there, at common law, they need the aid of a colloquium, or some other averments, to help them in sustaining the action. In one of these particulars, and only in one, the Code has changed the common law rule of pleading. Now, even though it may be uncertain to whom the words were intended to apply, it is no

longer necessary to insert in the complaint, any averments show-ing that they were intended to apply to the plaintiff. But in other respects, the same averments are requisite in pleading un-der the Code, as at common law.

It was very properly held upon the former occasion that the charge of passing counterfeit money was not of itself, actionable. The terms are uncertain in their import. They may impute a crime, but in a majority of cases he that passes counterfeit money is innocent of that criminal intent which alone renders the act criminal. If, therefore, a plaintiff insists that the charge is slan-derous, he must allege and prove such circumstances as will show that it was uttered with a slanderous meaning. But the plaintiff in his amended complaint, has inserted a charge which does not seem to have been found in the original; and which, I think, is actionable of itself. It is the charge that the plaintiff is " a dealer in counterfeit money."

It was insisted upon the argument of the motion, that these words were capable of an innocent construction, and that, there-fore, a slanderous meaning should not be attached to them. This was once the rule; words were to be taken in *mitiori sensu*, and, if possible, innocently construed. But the rule now is, that words are to be taken in that sense in which they are generally under-stood, and where that puts upon them a guilty sense, it is incum-bent on the defendant to show that they were innocently used. Judging of these words by this criterion, they are clearly action-able. They convey to every mind the idea of a crime, for which the party accused might be prosecuted and punished.

I think, too, that in respect to the remaining charge of being a " *bogus pedlar*," the complaint has been amended so as to bring it within the principle of the former decision. The words themselves do not necessarily impute crime. The phrase " bogus pedlar," is a *provincialism*, which has not acquired a meaning sufficiently de-finite to allow the court to take judicial notice of its import. Its meaning, as has been properly observed by Justice WILLARD, is the subject of evidence and should be averred; it is an issuable fact. For the want of such an averment the original complaint

was held to be defective; but this defect is now supplied. The meaning is now alleged. It is such as, in the appropriate language of the former opinion, designates the party to whom the words are imputed as " a man engaged in a business which the law denounces as criminal."

My opinion therefore is, that, although all the words alleged in any one cause of action may not be actionable, each cause of action does contain words which are stated in a manner to make them actionable. The plaintiff is therefore entitled to judgment upon the demurrer; but, as it may have been interposed in good faith, the defendant may have leave to answer within twenty days, upon the payment of the costs of this motion.